IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**REBECCA OLIVER,**

    **Plaintiff,**

vs.                                  **Civil Action 2:11-cv-447**
                                                **Judge Sargus**
                                                **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**


### OPINION AND ORDER

Plaintiff, who was 56 years old on the date that the administrative law judge issued the most recent administrative decisions in 2009, seeks review by this Court of the denial of plaintiff's applications for disability insurance benefits and supplemental security income. On July 31, 2012, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be reversed and that the action be remanded for further consideration of plaintiff's residual functional capacity. *Report and Recommendation*, Doc. No. 25. This matter is now before the Court on the Commissioner's objections to that recommendation. *Objection*, Doc. No. 26. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

This is the second case filed by plaintiff in this Court. The Court previously reversed the administrative denial of plaintiff's application for disability insurance benefits and remanded the action

for further consideration of plaintiff's anxiety disorder. *Oliver v. Commissioner of Social Security*, 2:07-cv-625 (S.D. Ohio Sept. 30, 2008). On remand, and after combining that matter with plaintiff's new applications for benefits, the administrative law judge found that plaintiff's severe impairments consist of diabetes mellitus, early lumbosacral degenerative disc disease, a history of heart palpitations and a grade 2 systolic murmur, hypertension, elevated lipids, mild obesity, an anxiety disorder, a history of depression and borderline intellectual functioning. The administrative law judge found that plaintiff's severe impairments neither meet nor equal a listed impairment and that plaintiff has the residual functional capacity for medium exertion. Relying on the testimony of the vocational expert, the administrative law judge found that residual functional capacity precluded the performance of plaintiff's past work as a cashier but would permit the performance of a significant number of jobs in the national economy. The administrative law judge therefore concluded that plaintiff is not disabled within the meaning of the Social Security Act.

In recommending that the decision of the Commissioner be reversed and that the matter be remanded for further consideration of plaintiff's residual functional capacity, the Magistrate Judge noted that the administrative finding that plaintiff has the residual functional capacity for medium exertion lacks substantial support in the record:

> The administrative law judge rejected the assessments of every professional who expressed an opinion as to plaintiff's exertional capacity for work and found plaintiff's subjective

> complaints in this regard to be not entirely credible. Nowhere does the administrative law judge explain the basis for her determination that plaintiff is able to engage in medium exertion. Under these circumstances, it cannot be said that the finding of the administrative law judge in this regard is supported by substantial evidence. The action must therefore be remanded for further consideration in this regard.

*Report and Recommendation*, p. 11. In his objections, the Commissioner argues that the administrative law judge reasonably rejected the assessments of the state agency physician and of plaintiff's treating physician, who both opined that plaintiff had no physical limitations, as well as the assessment of Dennis Mesker, M.D., who treated plaintiff for a short period of time and who opined that plaintiff had the residual functional capacity for light exertion.[1]

The Commissioner's objections misapprehend the recommendation of the Magistrate Judge. The recommendation was not based on the administrative law judge's rejection of all assessments of plaintiff's residual functional capacity; rather, the recommendation pointed to the complete failure of the administrative law judge to articulate the basis for her finding that plaintiff has the residual functional capacity for medium exertion. The administrative law judge's explanation of her finding in this regard reads in its entirety as follows:

> The claimant's combination of physical impairments, and, in particular, her obesity coupled with her mild lumbar degenerative disc disease and heart palpitations/murmur, reasonably

---

[1] A residual functional capacity for light exertion would mandate a conclusion of disability for a claimant with plaintiff's vocational profile. *See* Rule 202.01 of 20 C.F.R. Pt. 404, Subpt. P, App.2.

3

> precludes heavy work. However, there are no
> physical findings on imaging or clinical
> examination that would reasonably preclude medium
> work.

Doc. No. 11-2, *PAGEID#* 62. The administrative law judge went on to find that plaintiff's "subjective complaints in the record do not support a further reduction of the established residual functional capacity . . . ." *Id., PAGEID#* 68. This assessment not only fails to explain how the administrative law judge reached her conclusion that plaintiff is capable of medium exertion but also fails to comply with the "narrative discussion requirements" of Social Security Ruling 96-8p, 1996 WL 374184 (July 2, 1996)("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations").

This case does not present, as the Commissioner seems to suggest, merely an instance of failure to track precise language utilized elsewhere in the record. Rather, it was the administrative law judge's complete failure to explain the basis for her finding that compels the remand of the action.

Accordingly, the Commissioner's *Objection*, Doc. No. 26, is **DENIED**. The *Report and Recommendation*, Doc. No. 25, is **ADOPTED AND AFFIRMED**. The decision of the Commissioner is **REVERSED** and the action is **REMANDED** to the Commissioner of Social Security for further consideration of plaintiff's residual functional capacity.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to

4

Sentence 4, of 42 U.S.C. § 405(g).

9-6-2012
Date

Edmund A. Sargus, Jr.
United States District Judge