IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REBECCA OLIVER,**

    Plaintiff,

vs.                                    Civil Action 2:11-cv-447
                                          Judge Sargus
                                          Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## OPINION AND ORDER

This case sought review, under the provisions of 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. On September 6, 2012, this Court reversed the decision of the Commissioner and remanded the action to the Commissioner for further proceedings. *Opinion and Order*, Doc. No. 27. Final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g) was entered that same date. *Judgment*, Doc. No. 28. This matter is now before the Court on plaintiff's Motion for Attorney Fees Pursuant to Equal Access to Justice Act ("*Plaintiff's Motion*"), Doc. No. 29. Plaintiff specifically seeks an award of $2,637.50 for 21.10 hours of work compensated at an hourly rate of $125.00 per hour. *Plaintiff's Motion*, pp. 1, 5-6. The Commissioner opposes plaintiff's request for fees, "insofar as [p]laintiff requests direct payment to her counsel 'less any pre-existeing [sic] debt subject to offset.'" *Defendant's Response to Plaintiff's Request for Attorney Fees* ("*Commissioner's*

*Response"*), Doc. No. 30, p. 1. Plaintiff has not filed a reply. For the reasons that follow, *Plaintiff's Motion* is **GRANTED** in part.

## II. STANDARD

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.* at 158.

## III. DISCUSSION

Plaintiff seeks a total award of $2,637.50. *Plaintiff's Motion*, p. 1. The Commissioner does not argue that plaintiff is not a prevailing party, that its litigation position was substantially justified, or that the proposed hourly rate or hours billed are unreasonable. Instead, the Commissioner opposes *Plaintiff's Motion* on

2

the basis that it requests direct payment to plaintiff's counsel. *Commissioner's Response*, p. 1.

Plaintiff "requests that fees be paid care of plaintiff's counsel, as assignee of the plaintiff, less any pre-existing debt subject to offset." *Plaintiff's Motion*, p. 3. The United States Supreme Court has determined that any fees awarded to a prevailing party under the EAJA belong to the litigant, not to his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010). Fees can be directly awarded to an attorney, however, where the litigant does not owe a debt to the government and assigns the right to receive fees to the attorney. *Id.* at 2529.

A number of courts in this circuit have considered, in light of *Ratliff*, whether an EAJA award should be directed to a plaintiff's attorney based on a contractual assignment between the plaintiff and his attorney. These courts have reached varying conclusions. *See e.g., Darling v. Comm'r of Soc. Sec.*, No. 10-CV-15082, 2012 U.S. Dist. LEXIS 144540, at *7 (E.D. Mich. Oct. 5, 2012) (Goldsmith, J.) (remanding to "the Commissioner for a prompt determination as to whether Plaintiff owes the Government a pre-existing debt"); *Trent v. Comm'r of Soc. Sec.*, No. 3:09cv453, 2012 U.S. Dist. LEXIS 142928, at *16 (S.D. Ohio Oct. 3, 2012) (Ovington, M.J.) (recommending that the Commissioner "be directed to verify, within twenty-one days of an Order adopting this Report and Recommendation, whether or not Plaintiff owes a pre-existing debt to the United States that is subject to offset"); *Skobel v. Comm'r of Soc. Sec.*, No. 1:11-CV-748,

3

2012 U.S. Dist. LEXIS 130470, at *11 (S.D. Ohio Sept. 13, 2012) (Armstrong, M.J.) (awarding EAJA fees "to be paid in care of Plaintiff's Counsel, as assignee of the Plaintiff, less any pre-existing debt subject to offset"); *Simpkins v. Comm'r of Soc. Sec.*, No. 1:11-cv-165, 2012 U.S. Dist. LEXIS 125023, at *7 (S.D. Ohio Sept. 4, 2012) (Bowman, M.J.) (recommending that EAJA fees be paid to the plaintiff, but that if "the parties confirm that [plaintiff] owes no debt to the Government, the Commissioner alternatively should be permitted to pay the fee award to [p]laintiff's counsel in accordance with any existing fee contract"); *Allen v. Comm'r of Soc. Sec.*, No. 5:11CV1095, 2012 U.S. Dist. LEXIS 118599, at *12 (N.D. Ohio Aug. 22, 2012) (White, M.J.) (awarding EAJA fees to the plaintiff, but concluding that if, "after entry of this award, [d]efendant's counsel can verify that [plaintiff] does not owe pre-existing debt subject to offset, [d]efendant shall direct that the award be made payable to [plaintiff's] attorney, if there is an EAJA assignment); *Johnson v. Comm'r of Soc. Sec.*, No. 5:09-CV-108-R, 2012 U.S. Dist. LEXIS 40047, at *9 (W.D. Ky. Mar. 22, 2012) (Russell, J.) (awarding EAJA fees to the litigant and finding that a contractual provision stating that fees be paid directly to the attorney is void); *Nichols v. Comm'r of Soc. Sec.*, No. 1:09-cv-1091, 2012 U.S. Dist. LEXIS 49447, at *9-10 (W.D. Mich. Mar. 19, 2012) (Brenneman, M.J.) (recommending that EAJA fees be paid directly to the plaintiff because the plaintiff's "contractual obligations to his attorney with respect to the disposition of an EAJA fee award[] are separate obligations and not

4

part of the present case"); *Rhoads v. Comm'r of Soc. Sec.*, No. 1:09-CV-789, 2012 U.S. Dist. LEXIS 7252, at *7-9 (W.D. Mich. Jan. 6, 2012) (Carmody, M.J.) (recommending EAJA fees be paid to the plaintiff, despite the existence of an assignment, because "[a]warding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court"); *Kase v. Comm'r of Soc. Sec.*, No. 10-12926, 2011 U.S. Dist. LEXIS 146138 (E.D. Mich. Nov. 18, 2011) (Hluchaniuk, M.J.) (recommending that EAJA fees be awarded to the plaintiff, that the Commissioner determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government, and that if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award be payable directly to plaintiff's counsel); *Howell v. Comm'r of Soc. Sec.*, No. 10-313-WOB-CJS, 2011 U.S. Dist. LEXIS 132042, at *6-7 (E.D. Ky. Oct. 17, 2011) (Smith, M.J.) (recommending that no Order issue regarding how EAJA fees are to be paid); *Johnson v. Comm'r of Soc. Sec.*, No. 1:09CV2959, 2011 U.S. Dist. LEXIS 116391, at *10-12 (N.D. Ohio Oct. 7, 2011) (Lioi, J.) (awarding EAJA fees to the litigant, finding that an EAJA assignment that predates the actual award of fees is void under the Anti-Assignment Act, 31 U.S.C. § 3727, and listing cases holding the same); *Sommers v. Comm'r of Soc. Sec.*, No. 1:09CV1183, 2011 U.S. Dist. LEXIS 128576, at *10-11 (N.D. Ohio, Sept. 16, 2011) (Baughman, M.J.) (recommending that EAJA fees be paid jointly to plaintiff and her counsel); *Delver v.*

*Comm'r of Soc. Sec.*, No. 1:06cv266, 2011 U.S. Dist. LEXIS 119591, at *9-10 (S.D. Ohio Sept. 9, 2011) (Bowman, M.J.) (recommending that EAJA fees be paid jointly to plaintiff and her counsel, despite no evidence of an assignment); *Bates v. Comm'r of Soc. Sec.*, No. 3:09CV2349, 2011 U.S. Dist. LEXIS 62144, at *7-9 (N.D. Ohio Apr. 27, 2011) (Knepp, M.J.) (recommending that no Order issue regarding the direction of payment, but noting that if the Commissioner "determines Plaintiff does not owe a debt to the government, and there is a valid assignment of the fees, the Court sees no reason for the government not to honor the assignment and pay the fees directly to counsel"). The court in *Bishop v. Comm'r of Soc. Sec.*, 3:08cv375, 2010 U.S. Dist. LEXIS 112222 (S.D. Ohio Sept. 29, 2010) (Ovington, M.J.), addressed a motion for EAJA fees that involved a "Statement by Claimant Regarding EAJA Fees" in which the plaintiff had assigned his interest in any EAJA fees to his counsel. In addressing the assignment issue in light of *Ratliff*, Magistrate Judge Ovington wrote:

> Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, "in light of *Ratliff*, . . . it [is] a better practice is to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the Government that may be satisfied, in whole or in part, from the EAJA awards." *Preston v. Astrue*, unpubl. op., 2010 U.S. Dist. LEXIS 98256, 2010 WL 3522156 at *2 (M.D. Fla. Sept. 8, 2010). The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it. *Id.* If no such unpaid debt exists, or if EAJA fees remain after a governmental offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment of EAJA fees to her attorney. *Cf. Ratliff*, 130 S.Ct. at 2530 ("the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and

6

> the law governing that contract.") (Sotomayor, J., concurring).
>
> Accordingly, in light of Plaintiff's assignment and the lack of information regarding whether she owes a debt to the United States, Plaintiff should be awarded attorney fees under the EAJA as a prevailing party, and no Order should issue regarding the direction such fees must be paid.

*Bishop*, 2010 U.S. Dist. LEXIS 112222 at *11-12.

This Court agrees with the recommendation in *Bishop*. *See also Cornell v. Comm'r of Soc. Sec.*, 2:11-cv-97, 2012 U.S. Dist. LEXIS 61165, at *6-7 (S.D. Ohio May 2, 2012) (Deavers, M.J.) ("Because the Court is unaware of whether Plaintiff owes a debt to the United States, the Court finds that under *Ratliff* the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees."); *Mullins v. Comm'r of Soc. Sec.*, No. 3:10-cv-404, 2012 U.S. Dist. LEXIS 12103, at *15 (S.D. Ohio, Feb. 1, 2012) (Merz, M.J.); *Steele-Malocu v. Comm'r of Soc. Sec.*, No. 3:09-cv-383, 2011 U.S. Dist. LEXIS 48762, at (S.D. Ohio May 6, 2011) (Black, J.). This Court has not been called on to adjudicate or render a decision concerning plaintiff's contractual obligations to her attorney. It is also unclear whether plaintiff owes a debt to the government. Accordingly, this Court finds that under *Ratliff*, the proper course is to award fees directly to plaintiff and remain silent as to the direction of those fees. *See Oiler v. Comm'r of Soc. Sec.*, No. 3:10-cv-348, 2012 U.S. Dist. LEXIS 11565, at *11-16 (S.D. Ohio Jan. 31, 2012).

For the forgoing reasons, *Plaintiff's Motion*, Doc. No. 29, is **GRANTED** in part. Plaintiff is **AWARDED** an attorney fee under the Equal Access to Justice Act in the amount of $2,637.50 for 21.10 hours of work compensated at an hourly rate of $125.00 per hour.

1-3-2012
Date

Edmund A. Sargus, Jr.
United States District Judge

8